Daniels, J.
The sewer for the cost of which the assessment was made, was constructed in St. Nicholas avenue, between One hundred and twenty-fourth and One hundred and thirty-second streets, and the petitioner’s property upon the avenue was assessed for a portion of the expenses of the sewer. The work of constructing the sewer and furnishing and supplying materials for it, was not done by contract, but by days’ work, and the material was supplied by orders or requisitions made for that purpose. And because of the omission to let and construct the sewer by contract, as that-had been provided for by section 91 of chapter 335 of the Laws of 1873, the petitioners denied the liability of their property to be assessed for any part of the expenses. answer to this objection it was insisted on behalf of the city, that the work was in progress at the time when the act of 1873 went into effect, which was for all general purposes, the 30th of April, 1873. And by this section requiring work to be done, or supplies to be furnished by contract, exceeding in amount the sum of one thousand dollars, an exception was made from its operation and effect, of such works as were at the time of its enactment in progress, and which were authorized to be done, otherwise than by contract by a law or ordinance of the city. To establish "the fact that the work was in progress at the time when this section of the act went into effect, proof was given that basins-/ had previously been constructed in a portion of the avenue,1 which were designed to be connected with the sewer when that should be laid. These basins were built between the 16th of June, 1872, and the 30th of April, 1873. When they were built the work of regulating, grading, curbing and flagging the avenues was in progress, and the object of building them at that time was to receive and carry away *308 the water flowing upon the avenue, as it might be caused -by the rain fall, and the cost of their construction was defrayed as a part of the expenditure of the work upon the avenue. An account was kept in the books of the proper department, of the expenditures made for their construction which was charged as the expenditure of moneys for building sewers, but the sewer in question was not connected with either of these basins, nor upon that part of the avenue where the basins were located. And the construction of the sewer was not commenced until some time in the quarter preceding the 30th of September, 1875, and it was completed during the quarter ending on the 1st of March,-1876. The particular plan under which the sewer was constructed was prepared in the month of January, 1874, and on the twenty-ninth of that month was approved by the commissioner of public works. And in laying it a distinct and separate account was kept'with the work in the books of the department of public works. This sewer extended to 132nd street, which was the highest point, and the line Of the avenue, by which it was divided into two' sewer districts, one part flowing to the south, and the other part to the north, and the assessment, which is the subject of complaint, was made for the cost and expense of constructing and laying this sewer..
• From these facts it is very clear that the work of constructing and laying the sewer was entirely separate ■ and distinct from that of the improvement of the street and the construction of the basins. * At the time when this section of the act of 1873 went into effect, no step had been taken otherwise than the adoption of general plans for the sewerage of the district towards laying this sewer, but the work was directed to be commenced and carried to completion after this provision of the statute went into effect. It was a work which could have been laid and performed by contract. There was not the slightest difficulty or obstacle standing in the way preventing that» from being-done at the time the work was undertaken. And under this provision of the statute, and the construction given to it, in Matter of Weil (83 N. Y., 543), and Matter of Blodgett (91 id., 117), that course should have been taken. Few ■cases can arise more thoroughly exemplifying by the enhanced cost of the work, the necessity of enforcing and applying this provision of the law. If it had been complied with, the cost of the work would have been slight in proportion to the expenditures charged for performing it as it was done. The increased expenditure clearly illustrates the'necessity of such legislation. It was no less than an abuse of authority to charge the sum for the performance of this work which has been included in this assessment. *309 The object of the law was to protect the owners of property from imposition and spoliation of this description, and it should be liberally carried into effect to accomplish that result. The order appealed from was entirely proper, and it should be affirmed, with costs.
The order made in the matter of the petition of the United States Trust Company relieved the petitioner’s property from an assessment for the cost of constructing a sewer in St. Nicholas avenue, between 132nd and 155th-streets, and the facts relating to the case as it was presented by the proof are similar to those which have just been considered. The plan for its construction was approved by. the commissioner of public works on the 29th of January, 1874, and the work was commenced by the defendant on the eighth of the following month of April, and it was completed previous to the 31st day of December, 1875. This was not done by contract, but by days’ work, and for the reasons assigned in the other case, the order from which this appeal has been taken should also be affirmed with the usual costs and disbursements.
Macomber and Brady, JJ., concur.